

SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| In re | ) | CASE NO. 12-00332 |
| | ) | (Chapter 7) |
| Donald Van Houten Totten, Jr. | ) | |
|               Debtor. | ) | |
| _____ | ) | |
| UNITED STATES TRUSTEE, | ) | ADV. PRO. NO. 13-90044 |
|               Plaintiff, | ) | |
| | ) | Date: February 7, 2014 |
|         vs. | ) | Time: 10:00 a.m. |
| DONALD VAN HOUTEN TOTTEN, JR. | ) | |
|               Defendant. | ) | |
| _____ | ) | Judge: Hon. ROBERT J. FARIS |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW RE: U.S. TRUSTEE'S MOTION FOR SUMMARY JUDGMENT ON COUNTS I, II, III, AND IV

The United States Trustee's Motion for Summary Judgment on Counts I, II, III, and IV came on for hearing on February 7, 2014 at 10:00 a.m. before the Honorable Robert J. Faris, United States Bankruptcy Judge. Terri H. Didion appeared for Plaintiff, United States Trustee. Ramon J. Ferrer appeared for Defendant, Donald Van Houten Totten, Jr. Pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure, the Court makes the following findings and conclusions:

**FINDINGS OF FACT**

1) The Defendant is the Debtor, Donald Van Houten Totten, Jr.

2) Defendant commenced the filing of a voluntary chapter 11 petition on February 16, 2012.

3) Defendant filed his schedules, a statement of financial affairs and related documents under chapter 11 of the Bankruptcy Code on February 29, 2012.

4) Defendant signed the petition, schedules, statement of financial affairs and related documents under penalty of perjury.

5) Defendant filed an amended voluntary chapter 11 petition on April 11, 2012.

6) Defendant filed amended schedules, an amended statement of financial affairs and related documents on April 30, 2012.

U.S. Bankruptcy Court - Hawaii   #13-90044   Dkt # 46   Filed 02/20/14   Page 2 of 18

7) Defendant signed the amended petition, amended schedules, amended statement of financial affairs and related documents under penalty of perjury.

8) On June 15, 2012, Defendant's chapter 11 case was converted to chapter 7.

9) Dane Field is the Chapter 7 Trustee.

10) The First Meeting of Creditors pursuant to 11 U.S.C. §341(a) was held on March 27, 2012. It was thereafter continued eight times and finally concluded on March 13, 2013.

11) In Amended Schedule A-real property, Defendant lists owning a legal or equitable interest in the following properties:[1]

    a) 200 Kalaunu Way, Lahaina, HI.

    b) 1425 Lanes End, Villanova, PA.

    c) 4594 Lower Honoapillani Road, Lahaina, HI.

    d) 1429 Front Street, Lahaina, HI.

    e) Weinberg Note secured by 1350 Front Street, Lahaina, HI and other related properties in Florida.

12) The disclosures made in the Defendant's Schedule A and Amended Schedule A were false. Defendant failed to disclose his interest in a vacant lot owned free and clear of liens or encumbrances on the Big Island of Hawaii.

---

[1] The properties located in Lahaina at 200 Kalaunu Way, 4594 Lower Honoapillani Road, and 1429 Front Street were disclosed in Defendant's Schedule A filed on February 29, 2012.

- 2 -

Included in records that Defendant turned over to the chapter 7 trustee was a 2009-2010 Real Property Tax Bill from the County of Hawaii. It references Defendant as the property owner, the property address being Kia Lua Place, and a parcel number of 3-9-4-022-039-0000-000. In addition, Defendant received correspondence dated June 1, 2012, from Discovery Harbour Community Association for unpaid association dues. The parcel number reflected on the statements is the same as the real property tax parcel number. An online search was conducted by the U.S. Trustee on the website for the Hawaii County Real Property Tax office using the parcel number reflected on the invoices. The records reflect that the property on Kia Lua Place is owned by the Defendant.

    13) In Amended Schedule B-personal property, Defendant lists the following checking, savings or other financial accounts as follows:[2]

        a) First Hawaiian Bank - Acct. #286

        b) Central Pacific Bank – Acct. #1329

        c) Valley Isle CU – Checking Acct. #006

        d) Valley Isle CU – Savings Acct. #006

        e) Bank of Hawaii – Acct. #531

        f) May Bank – Acct. #1751

        g) Territorial Savings Bank – Acct. #2824

---

[2] The financial accounts at First Hawaiian Bank; Central Pacific Bank; Valley Isle CU-checking and savings accounts-were disclosed on Defendant's originally filed Schedule B.

- 3 -

        h)        WePay Inc.

14)    In documents turned over by Defendant, he failed to disclose the following accounts:[3]

        a)        Central Pacific Bank—Acct. #5335

        b)        Valley Bank –Checking Acct. #1368

        c)        Valley Bank—Savings Acct. #9173

        d)        Guaranty Bank and Trust Company—Money Market Acct. #3944

15)    Defendant also failed to list a Pay Pal account in the name of Bill Syfers whereby income from Defendant's vacation rentals was deposited. Mr. Syfers estimates between $40,000 and $60,000 in Defendant's vacation rental deposits were made into his account during the period of September 2011 and February 2012. Thereafter, Mr. Syfers would withdraw the cash from the account and give it to Defendant.[4]

---

[3] The four concealed financial accounts were all open and active within one year prior to filing. If the accounts were closed at the time Defendant filed his bankruptcy petition, the accounts should have been disclosed on Statement of Financial Affairs (SOFA) Question No. 11 whereby Defendant listed other closed accounts.

[4] To the extent Defendant ceased using the PayPal account prior to filing his bankruptcy petition, it should have been disclosed on SOFA Question No. 11. The account is simply not revealed anywhere in the bankruptcy schedules, SOFA, including the amended schedules and SOFA.

16) In Amended Schedule B-personal property, Defendant lists accounts receivables owed by Jason Kent in the amount of $1.1 million and David O. Weinberg in the amount of $1.075 million.[5]

17) Defendant failed to disclose a note receivable in the amount of $43,789.42 secured by property Defendant owned in Queensland Australia.[6]

18) In Amended SOFA at Question 2, Defendant indicates that he received a $17,000 wedding gift from a friend in 2012. This is a false statement as the $17,000 came from Defendant's vacation rental income which was being deposited into the undisclosed Pay Pal account in Mr. Syfer's name. The $17,000 transfer is reported on Defendant's Bank of Hawaii February 2012 statement.

19) On June 15, 2012, Defendant's chapter 11 bankruptcy was converted to one under chapter 7.[7] The most recent filed Monthly Operating Report by Defendant dated May 31, 2012, provided that the debtor-in-possession bank account had a balance of $6,856.52. After Defendant's case was converted to chapter 7, Defendant withdrew all of the funds in the debtor-in-possession bank account, and sold the 2003 Jeep Wrangler without bankruptcy court approval or notice to the chapter 7 trustee.

---

[5] The Kent and Weinberg notes were listed on Defendant's originally filed Schedule B.
[6] An Order was entered on July 29, 2013 approving the sale of the mortgage for $26,353.
[7] Wells Fargo Bank,N.A., a secured creditor, filed a motion to convert Defendant's chapter 11 bankruptcy case to chapter 7. Various parties, including the UST, filed pleadings in support of the conversion.

20) A stipulated order was approved and entered by the Court on June 28, 2013, whereby Defendant agreed that he would repay the chapter 7 estate the funds taken from the debtor-in-possession bank account of $6,856.52, and the non-exempt portion of the 2003 Jeep Wrangler in the sum of $3,616 plus non-exempt cash assets of $555.94. The stipulated order provided that Defendant would make monthly payments of $500 with the first payment being due on July 1, 2013. Further, the stipulated order provided that Defendant's failure to timely make any of the payments agreed to would be deemed a refusal to abide by a court order in accordance with 11 U.S.C. §727(a)(6)(A).

21) Defendant's first payment under the terms of the stipulated order dated June 28, 2013 was set for July 1, 2013. Defendant failed to tender the first payment and all payments thereafter.

## CONCLUSIONS OF LAW

22) The Court has jurisdiction of this matter under 28 U.S.C. §157 and 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (J).

23) The U.S. Trustee's complaint to deny discharge is filed pursuant to 11 U.S.C. §727(a)(2)(A); §727(a)(2)(B); §727(a)(4); and §727(a)(6)(A).

24) The U.S. Trustee's motion for summary judgment is filed pursuant to Federal Rule of Civil Procedure (FRCP), Rule 56 as made applicable in bankruptcy proceedings by virtue of Federal Rule of Bankruptcy Procedure (FRBP), Rule 7056 .

25) The Court will grant a motion for summary judgment if the pleadings, documents, depositions, stipulations, answers to interrogatories, and admissions on file, together with the affidavits or declarations show that there is no genuine issue as to material fact and that the moving party is entitled to a judgment as a matter of law. FRCP 56. See also In re Barboza, 545 F.3d 702, 707 (9th Cir. 2008).

26) In a case under 11 U.S.C. §727, summary judgment is appropriate where the plaintiff presents evidence casting serious doubt about the truth of a relevant fact, and the debtor does not respond with any credible evidence. In re Lum, 2012 WL 909214 (Bankr. D. Hawaii 2012) citing In re Aubrey, 111 B.R. 268, 274 (9th Cir. BAP 1990).

27) Once the moving party has made an initial showing, the burden shifts to the party opposing the motion to come forward with competent summary judgment evidence to establish the existence of a genuine fact issue. See Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 585(1986). This standard provides that the mere existence of some alleged factual dispute between

U.S. Bankruptcy Court - Hawaii   #13-90044   Dkt # 46   Filed 02/20/14   Page 8 of 18

the parties will not defeat an otherwise properly supported motion for summary judgment. The requirement is that there must be no genuine issue of "material" fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248 (1986). See also McSherry v. City of Long Beach, 584 F.3d 1129, 1135 (9th Cir. 2009).

28) The non-moving party cannot rest on mere allegations or denials in his or her pleadings. Rather, the non-moving party must present admissible evidence showing that there is a genuine dispute for trial. As such, briefs and oral argument do not constitute evidence. In re Hill, 450 B.R. 885, 892 (9th Cir. BAP 2011).

29) The Court concludes that the U.S. Trustee has met its burden of proof by properly supporting the motion for summary judgment with pleadings, documents, stipulations, admissions, and declarations as evidence that there is no genuine issue as to a material fact.

**Counts I and II: Defendant's Discharge is Denied under §727(a)(2)(A) and (B) where Circumstances Establish Fraudulent Intent Regarding Concealment.**

30) Section 727 (a)(2)(A) bars a debtor's discharge where the debtor with the intent to hinder, delay, or defraud a creditor or officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated or concealed or has permitted to be transferred, destroyed,

- 8 -

mutilated or concealed property of the debtor, within one year before the date of the filing of the petition.

31)  A debtor's intent need not be fraudulent to meet the requirements of §727(a)(2). In re Retz, 606 F.3d 1189, 1200 (9th Cir. 2010). Because the language of §727(a)(2)(A) in in the disjunctive, it is sufficient if the debtor's intent is to hinder or delay or defraud a creditor or trustee. In re Buck, 2011 WL 863492 at *6 (Bankr. D. Mont. 2011) citing In re Retz, 606 F.3d 1189, 1200 (9th Cir. 2010). In other words, intent to defraud need not be shown because mere proof of intent to hinder or to delay is sufficient. In re Beverly, 374 B.R. 221, 243 (9th Cir. BAP 2007), aff'd., 551 F.3d 1092 (9th Cir. 2008).

32)  Section 727(a)(2)(B) provides, in part, that the Court shall deny a debtor's discharge where after the filing of the petition, debtor has transferred or concealed property of the estate with intent to hinder, delay or defraud a creditor or an officer of the estate.

33)  The legal authority cited herein is applicable equally to §727(a)(2)(B) as the only distinction between subsections of §727(a)(2) is that subsection (A) applies to actions taken by a debtor before the commencement of a case, and (B) applies to actions taken postpetition. In re Moore, 368 B.R. 868, 876 (9th Cir. BAP 2007).

U.S. Bankruptcy Court - Hawaii   #13-90044   Dkt # 46   Filed 02/20/14   Page 10 of 18

34) The Ninth Circuit held in Retz that a debtor in bankruptcy has a "duty to share full information with the trustee." Retz, 606 F.3d at 1204. The opportunity to obtain a fresh start is "conditioned upon truthful disclosure." In re Aubrey, 111 B.R. 268, 274 (9th Cir. BAP 1990). A debtor's intent to hinder, delay or defraud may be inferred from surrounding circumstances including "badges of fraud" that constitute circumstantial evidence of intent, or a course of conduct. In re Woodfield, 978 F.2d 516, 518 (9th Cir. 1992). In Retz, the Ninth Circuit affirmed that the debtor's failure to inform the trustee of a transfer is circumstantial evidence of intent to hinder, delay or defraud creditors "because there is no other reasonable explanation" for the delay. Retz, 606 F.3d at 1204.

35) A court may find the requisite intent where there has been a pattern of falsity or where the debtor has displayed reckless indifference to or disregard of the truth. In re Willis, 243 B.R. 58, 62 (9th Cir. BAP 1999); In re Ballard, 2003 WL 22945926 (Bankr. D. Haw. 2003); In re Lum 2012 WL 909214 (Bankr. D. Hawaii 2012).

36) The Court finds that pursuant to 11 U.S.C. 727(a)(2)(A), Defendant concealed four financial accounts in his own name which were open a year prior to filing with the intent to hinder, delay or defraud Plaintiff, Chapter 7 Trustee, and creditors.

37) The Court finds that pursuant to 11 U.S.C. 727(a)(2)(A), Defendant concealed an active Pay Pal in the name of a third party prior to the filing of his bankruptcy case in which it is estimated that between $40,000 and $60,000 in deposits from Defendant's vacation rentals had been deposited within the year prior to and up to the time of filing bankruptcy with the intent to hinder, delay or defraud Plaintiff, Chapter 7 Trustee, and creditors. The Court further finds that the third party Pay Pal account was under the control and/or influence of Defendant whereby deposits and withdrawals were made as directed by Defendant.

38) The Court finds that pursuant to 11 U.S.C. 727(a)(2)(A), Defendant transferred $17,000 prior to the filing of his bankruptcy to his spouse who resides in the Philippines with the intent to hinder, delay or defraud Plaintiff, Chapter 7 Trustee, and creditors. As indicated by the evidence, Debtor described this transfer on Amended SOFA Question No. 2 as a "wedding gift" from a "friend" which was a false and misleading statement.

39) The Court finds that pursuant to 11 U.S.C. 727(a)(2)(A), Defendant concealed real property located on the Big Island of Hawaii from his bankruptcy schedules with the intent to hinder, delay or defraud Plaintiff, Chapter 7 Trustee and creditors.

40) The Court finds that pursuant to 11 U.S.C. 727(a)(2)(A), Defendant concealed a security interest in real property located in Australia from his

bankruptcy schedules with the intent to hinder, delay or defraud Plaintiff, Chapter 7 Trustee and creditors.

41) The Court concludes that the U.S. Trustee is entitled to summary judgment on Count I of the Complaint.

42) The Court finds in violation of §727(a)(2)(B), Defendant transferred and/or removed vacation rental income from the chapter 11 debtor-in-possession accounts after the bankruptcy case was converted to chapter 7 without authority from the Bankruptcy Court with the intent to hinder, delay or defraud Plaintiff, Chapter 7 Trustee and creditors.

43) The Court finds in violation of §727(a)(2)(B), Defendant transferred and/or removed property of the bankruptcy estate, specifically a 2003 Jeep Wrangler, after the bankruptcy case was filed without authority from the Bankruptcy Court with the intent to hinder, delay or defraud Plaintiff, Chapter 7 Trustee and creditors.

44) The Court concludes that the U.S. Trustee is entitled to summary judgment on Count II of the Complaint.

### Count III: Defendant's Discharge is Denied under §727(a)(4) where Circumstances Establish Fraudulent Intent Regarding the Making of False Oaths.

45) 11 U.S.C. §727(a)(4) bars a debtor's discharge where the debtor knowingly and fraudulently makes a false oath or account.

U.S. Bankruptcy Court - Hawaii   #13-90044   Dkt # 46   Filed  02/20/14   Page 13 of 18

46)     It is sufficient to prove that (1) the debtor made a false oath in connection with a case; (2) the oath related to a material fact; (3) the oath was made knowingly; and (4) the oath was made fraudulently.  In re Roberts, 331 B.R. 876, 882 (9th Cir. BAP 2005).

47)     A debtor has a duty to prepare his schedules and statements carefully, completely, and accurately.  In re Morhing, 142 B.R. 389,394 (Bankr. E.D. Cal 1992), aff'd 153 B.R. 601 (9th Cir. BAP 1993), aff'd 24 F.3d 247 (9th Cir. 1994).

48)     A false oath may involve a false statement or omission in the debtor's schedules or statements.  In re Willis, 243 B.R. 58 (9th Cir. BAP 1999).

49)     The fundamental purpose of §727(a)(4) is to insure that the trustee and creditors have accurate information without having to conduct costly investigations.  In re Willis, 243 B.R. at 63.

50)     As explained by the Ninth Circuit in Retz, false oaths are material if they bear a relationship to the debtor's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of the debtor's property.  In re Retz, 606 F.3d at 1198.

51)     An omission or misstatement that "detrimentally affects administration of the estate" is material.  In re Willis, 243 B.R. at 63.

U.S. Bankruptcy Court - Hawaii   #13-90044   Dkt # 46   Filed 02/20/14   Page 14 of 18

52) Fraudulent intent is usually proven by circumstantial evidence or by inferences drawn from the debtor's conduct. In re Devers, 759 F.2d 751, 753-54 (9th Cir. 1985).

53) A pattern of falsity can also clearly demonstrate fraudulent intent. In re Lum, 2012 WL 909214 (Bankr. D. Hawaii 2012) citing In re Coombs, 193 B.R. 557, 564 (Bankr. S.D. Cal. 1996).

54) Concerning the debtor's schedules and statements, the veracity of these disclosures is essential to the successful administration of any bankruptcy case.

55) A debtor must correct such documents filed with the court upon learning of their inaccuracy or incompleteness. In re Morhing, 142 B.R. at 394. See also In re Khalil, 379 B.R. 163, 173 (9th Cir. BAP 2007).

56) In Retz, the Ninth Circuit affirmed a finding of evidence of fraudulent intent in a significant number of falsehoods and omissions, together with the debtor's failure to amend the bankruptcy schedules and SOFA. In re Retz, 606 F.3d at 1199.

57) The Court finds that Defendant made numerous and substantial false statements in his bankruptcy schedules and SOFA. The false statements include:

A. failing to disclose real property located on the Island of Hawaii;

B. failing to disclose four bank accounts in the Defendant's name which were active in the year prior to filing and/or were open as of the date of filing;

C. failing to disclose a PayPal account in the name of Bill Syfers in which Defendant deposited income from his vacation rentals in the year prior to filing and/or was open as of the date of filing;

D. failing to disclose a security interest in real property located in Australia; and

E. failing to disclose the true nature of Defendant's $17,000 transfer to his spouse immediately prior to filing bankruptcy.

58) The Court finds that at no time since the filing of Defendant's bankruptcy petition on February 16, 2012, have his bankruptcy schedules and SOFA been amended to disclose the missing assets; financial accounts; or transfer of money to his spouse.

59) The Court concludes that the U.S. Trustee is entitled to summary judgment on Count III of the Complaint.

U.S. Bankruptcy Court - Hawaii   #13-90044   Dkt # 46   Filed  02/20/14   Page 16 of 18

## Count IV: Discharge is Denied under §727(a)(6 )(A) where Defendant has Failed to Obey a Lawful Order of the Court.

60) 11 U.S.C. §727(a)(6)(A) provides that the court shall grant a discharge unless the debtor has refused in the case to obey any lawful order of the court, other than to respond to a material question or to testify.

61) The Ninth Circuit BAP has adopted requirements set out by the Fourth Circuit's analysis in <u>In re Jordan</u>, 521 F.3d 430, 433-434 (4th Cir. 2008). The term "refused" as used in §727(a)(6)(A) requires a showing that the debtor (a) was aware of the order; and (b) willfully or intentionally refused to obey the order (i.e. something more than a mere failure to obey the order through inadvertence, mistake or inability to comply.)  <u>In re Michaels</u>, 2009 WL 7809926 (9th Cir. BAP 2009).

62) The Court finds that the U.S. Trustee has satisfied the burden of demonstrating that the Defendant was aware of the order in question and failed to comply with its terms.

63) The Court finds that under the terms of the Stipulated Order, Defendant was required to pay to the Chapter 7 Trustee the amount of $11,028.46 in monthly installments of $500 commencing July 1, 2013.

64) The Court finds that  Defendant agreed to the terms of the stipulation which included the provision that any missed payment would be treated as a willful and intentional refusal to abide by a court order pursuant to §727(a)(6)(A).

65) The Court finds that Defendant failed and refused to abide by the terms of a Stipulated Order Regarding Trustee's Motion for Order Compelling Debtor to Turnover Estate Property which was entered on June 28, 2013.

66) The Court concludes that the U.S. Trustee is entitled to summary judgment on Count IV of the Complaint.

67) Based upon the foregoing, there are no genuine issues of disputed fact, and the U.S. Trustee's motion for summary judgment is granted as to Counts I, II, III, and IV of the Complaint. A separate Order will issue.

**END OF FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Submitted by:

OFFICE OF THE UNITED STATES TRUSTEE
TIFFANY L. CARROLL
Acting United States Trustee
CURTIS CHING 3931
Assistant United States Trustee
TERRI H. DIDION (CSB 133491)
Trial Attorney
1132 Bishop Street, Suite 602
Honolulu, Hawaii 96813
Telephone: (808) 522-8154
Ustpregion15.hi.ecf@usdoj.gov
Attorney for United States Trustee